**Eldon Udine Galvez ORELLANDA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–72016.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2007 *.

Filed Jan. 16, 2007.

Ronald G. Finch, Esq., Phoenix, AZ, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, District Director, Office of the District Chief Counsel U.S. Department of Homeland Security, Phoenix, AZ, Carol Federighi, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HALL, and PAEZ, Circuit Judges.

MEMORANDUM **

Eldon Udine Galvez Orellanda, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") order denying his applications for asylum, withholding of removal, and relief under the Convention

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, *Ochoa v. Gonzales,* 406 F.3d 1166, 1169 (9th Cir.2005), we deny the petition for review.

Petitioner's testimony that unidentified callers threatened him for attempting to collect a debt owed by the military to a pharmaceutical company does not compel the conclusion that he was or would be targeted on account of a statutorily protected ground. *See id.* at 1171–72. Consequently, substantial evidence supports the IJ's determination that he is not eligible for asylum or withholding of removal. *See id.* at 1172.

The IJ properly denied petitioner CAT relief because he failed to present evidence that it is more likely than not that he would be tortured by Guatemalan officials or anyone acting with their acquiescence. *See* 8 C.F.R. § 1208.16(c)(2).

The IJ granted voluntary departure for a 60–day period and the BIA streamlined and changed the voluntary departure period to 30 days. In *Padilla–Padilla v. Gonzales,* 463 F.3d 972, 981 (9th Cir.2006), we held "that because the BIA issued a streamlined order, it was required to affirm the entirety of the IJ's decision, including the length of the voluntary departure period." We therefore remand to the agency for further proceedings regarding voluntary departure.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; and RE-MANDED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).